UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :   18 Cr. 443 (PAE) |
| RICHARD LAUGEL, | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S SENTENCING MEMORANDUM

 

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Alison Moe
Jacob Warren
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

    - v. -                                      :       18 Cr. 443 (PAE)

RICHARD LAUGEL,                            :

               Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SENTENCING MEMORANDUM

The Government respectfully submits the following memorandum in connection with the sentencing of defendant Richard Laugel in the above-captioned case, which is scheduled for March 20, 2019 at 10:00 a.m. Under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), and as set forth in the plea agreement signed on November 8, 2018 (the "Plea Agreement"), the applicable sentencing range is 121 to 151 months of imprisonment.

For the reasons set forth below, the Government submits that a sentence within the guidelines range of 121 to 151 months of imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a), and that a significant term of incarceration is appropriate and warranted to serve those purposes of sentencing.

**I. Factual Background**

On March 2, 2016, the defendant placed a pipe bomb under the rear tire well of his neighbor's car, which was parked nearby their apartment building in the Bronx, New York. The defendant then waited for his neighbor (the "Victim") to leave the apartment building and get into his car. When the Victim drove away, the defendant followed by car. A few blocks later, the defendant activated the bomb using a remote-detonation device. As the car passed in front of a church, the device exploded, creating a loud noise and a flash of light from a fireball. The force of the explosion blew out the airbags in the car and buckled the car doors. Although the device was placed near the gas tank of the car, the gas tank did not ignite. The Victim was not injured by the explosion. *See* Probation Office's Pre-Sentence Investigation Report ("PSR") ¶ 11.

The explosive device and fragmentation from the bomb were recovered by a crime scene unit, and subsequently evaluated by explosives experts at the Federal Bureau of Investigation. Following a complete forensic analysis, the FBI determined that the device was an improvised explosive device, or IED, commonly known as a pipe bomb. The pipe was loaded with nails, which increased the potential lethality of the device. Attached to the device was a butane canister, which magnified the fireball effect of the explosion when the bomb detonated. PSR ¶ 11.

On March 5, 2016, Laugel was arrested and charged by the Bronx District Attorney's Office with first degree arson and attempted murder in the second degree. On February 6, 2018, the defendant was released from state custody on bail, over the objection of the Bronx District Attorney's Office. In total, the defendant served approximately 23 months in state custody. PSR ¶ 12.

On May 22, 2018, while the defendant was on bail, agents with the Department of Homeland Security executed a search warrant at the defendant's residence in the Bronx, based

on a pattern of activity indicative of an illegal operation for distributing alprazolam—commonly known as Xanax. PSR ¶ 20. During the search, agents recovered evidence that the defendant was: (1) manufacturing firearms and firearms silencers in his garage, and (2) using pill press machines to manufacture Xanax pills for distribution online. PSR ¶¶ 21-22.

The defendant was arrested on or about May 23, 2018, pursuant to a Complaint in this District. Thereafter, the Bronx District Attorney's Office agreed that prosecution of the state case would be dismissed in furtherance of federal charges. On June 19, 2018, the defendant consented to the filing of an Information, charging the defendant in four counts with: (1) destruction of property by means of fire or explosive, in violation of 18 U.S.C. § 844(i); (2) use of a destructive device during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii); (3) unlawful possession of firearms silencers, in violation of 18 U.S.C. §§ 5861(d) and 5871; and (4) possession of narcotics with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 841(b)(2).

To date, the defendant has served approximately ten months in federal custody.

## II. The Pre-Sentence Report and the Applicable Sentencing Guidelines Range

On November 8, 2018, the defendant pleaded guilty, pursuant to a plea agreement, to Counts One, Three, and Four of the Information, charging him with possessing with destruction of property by means of fire or explosive, in violation of 18 U.S.C. § 844(i); unlawful possession of firearms silencers, in violation of 18 U.S.C. §§ 5861(d) and 5871; and possession of narcotics with intent to distribute, in violation of 21 U.S.C. § 841(b)(2).

The Plea Agreement contained a stipulated Sentencing Guidelines range of 121 to 151 months' imprisonment (the "Stipulated Guidelines Range"), based on an offense level of 32 and a Criminal History Category of I. Furthermore, Count One carries a mandatory minimum term of sixty months' imprisonment. In addition, the Plea Agreement provided that "[t]he parties agree

not to seek a sentence outside of the Stipulated Guidelines Range, or suggest in any way that the Probation Office or the Court consider a sentence outside of the Stipulated Guidelines Range."[1]

The Pre-Sentence Report ("PSR") prepared by the United States Probation Department likewise calculates a Sentencing Guidelines range of 121 to 151 months' imprisonment, based on an offense level of 32 and a Criminal History Category of I.  The Probation Department recommends a sentence of 121 months' imprisonment.

## III. Discussion

The application of the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a) weigh in favor of a sentence within the Stipulated Guidelines Range.  The factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, and to promote respect for the law.  *See* 18 U.S.C. § 3553(a).

### A. The Nature and Seriousness of the Offense

First, a sentence within the Stipulated Guidelines Range would reflect the seriousness of the defendant's conduct and provide just punishment for the offense.  18 U.S.C. § 3553(a)(1), (2)(A).  Without question, the defendant has committed exceptionally serious crimes. The defendant detonated a pipe bomb in the Bronx.  The bomb exploded on a public street, in front of a church.  As the bomb exploded, metal fragmentation from the bomb traveled at a speed faster than a bullet as it dispersed in a radius around the scene of the explosion.

It is incredibly fortunate that neither the Victim nor any bystanders were harmed by either the blast of the explosion or the fragmentation it caused.  However, this was a dangerous bomb

---

[1] The Plea Agreement also contained a clause that stated that "[t]he parties agree that the period of incarceration that the defendant served in state custody in connection with the offense conduct should not be credited towards the sentence imposed in this case."  However, the Probation Department has informed the Government that, absent an express order from the Court at sentencing, the Bureau of Prisons is likely to credit the period of time the defendant previously served in state custody—that is, 23 months—toward his federal sentence.

that posed a threat to human life.  The defendant put countless people at risk even before the bomb detonated, from the unsuspecting residents who were at home while the defendant built a bomb inside his apartment, to the bystanders who walked by the Victim's parked car without knowing a live bomb was underneath.  A significant term of incarceration is warranted to reflect the defendant's dangerous and violent actions.

The disturbing nature of the defendant's conduct is underscored by the fact that this bomb was the product of the defendant's calculated choices: the choice to build a bomb and attach it under the victim's car; the choice to lie in wait for the victim to go to his car; the choice to secretly follow the victim and remote-detonate the device.  These choices are gravely serious, and the Government submits that a sentence within the Stipulated Guidelines Range is necessary to reflect the gravity of the offense conduct.

### B. The Need to Provide Specific Deterrence and Promote Respect for the Law

The offense conduct in this case demonstrates a pattern of behavior that makes clear that a sentence within the Stipulated Guidelines Range is necessary to provide specific deterrence and to promote respect for the law.  18 U.S.C. § 3553(a)(1), (2)(B). That is because the offense conduct in this case is not limited to the bombing—the defendant stands convicted of narcotics and weapons offenses, as well. Significantly, the timeline of events reflects that the defendant was operating his Xanax distribution business *before* the bombing incident, that he continued to manage some of the logistics of the business while he was in state custody awaiting trial, and that he returned to operating the business when he was released on bail from the state.

It bears emphasizing that the defendant was *on bail for pending arson and murder charges* at the time federal agents discovered both the defendant's stash of illegal silencers and firearms and his illegal Xanax distribution business.  At the very least, an indictment charging the defendant with murder should have been a wake-up call to the defendant to abandon his drug

business and dispose of his cache of silencers, and yet the defendant continued to mix drugs and sell them on the dark web, and he maintained a private arsenal of illegal firearms and firearms parts. Accordingly, a sentence within the Stipulated Guidelines Range is necessary both to provide specific deterrence and to promote respect for the law.

### C. The Defense Arguments

The defendant's sentencing submission discusses, at length, the defendant's personal history and struggles with psychological issues.  These factors are appropriately considered by the Court as part of its analysis of the defendant's background and characteristics, but they do not compel a variance from the Stipulated Guidelines Range, given the gravity of the offense conduct.  Indeed, defense counsel does not advocate for a sentence outside the Stipulated Guidelines Range, in keeping with the Plea Agreement.   The Government recognizes that there are mitigating factors in this case, and the Government took these considerations into account during the course of the plea discussions between the parties.  The Government respectfully submits that the Stipulated Guidelines Range reflects the Government's careful consideration of both the circumstances of the offense and the mitigating circumstances surrounding the defendant's background.

**IV. Conclusion**

  For the reasons set forth above, the Government respectfully submits that a sentence within the applicable Sentencing Guidelines range of 121 to 151 months' imprisonment would be appropriate in this case.

Dated: New York, New York
    March 13, 2019

                     Respectfully submitted,

                     GEOFFREY S. BERMAN
                     United States Attorney

            By:   /s Alison Moe
                Alison Moe/Jacob Warren
                Assistant United States Attorneys
                (212) 637-2225/2264

cc: Troy Smith, Esq. (by ECF)